NO. 07-02-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 19, 2003

_____

JUSTIN CORPUS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-01-5222; HONORABLE ANDY KUPPER, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

ON ABATEMENT AND REMAND

Appellant Justin Corpus was convicted of murder on October 15, 2002, and sentenced to 40 years confinement in the Institutional Division of the Department of

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Criminal Justice. Appellant timely perfected his appeal. Nothing further has been done to perfect the appeal. Although at the request of the district clerk we have previously granted appellant an extension of time to March 3, 2003, to allow appellant to make arrangements for payment of the record, we have now received a notification from the district clerk that appellant has not paid or made arrangements to pay for the record.

This state of the proceedings requires us to abate the appeal and remand the case to the 286th District Court of Hockley County to conduct hearings as mandated by Texas Rule of Appellate Procedure 37.3(a)(2) and 38.8.

Upon remand, the judge of the trial court shall immediately cause proper notices to be given and conduct a hearing to determine:

1. If appellant still desires to pursue his appeal.

2. If appellant is indigent and the appointment of an attorney is necessary.

3. If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

4. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and, if he has not done so, what orders are necessary to ensure those arrangements are made.

5. If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

reporter's record.  These supplemental records shall be submitted to this court not later than April 18, 2003.

It is so ordered.

Per Curiam

Do not publish.